UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RBS CITIZENS, N.A. d/b/a CHARTER ONE | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CAUSE NO. 4:11-cv-0059<br>) |
| M. & M. BROKERAGE, LLC and MARK MILLER | )<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

The matter is before the Court on Plaintiff RBS Citizens, N.A. d/b/a Charter One's Verified Motion for Clerk to Enter Default Judgment [DE 6], construed as an application to the Court for a default judgment under Fed. R. Civ. P. 55(b)(2) [DE 7]. The Motion includes a supporting affidavit from Edward Loeb, an assistant vice president in the Managed Assets Division of RBS Citizens ("RBS") [DE 6-1]. Because Defendants M. & M. Brokerage, LLC and Mark Miller (referred to together as "M. & M.") have failed to respond to the Complaint, the Motion for Default Judgment is **GRANTED**, and I award to the Plaintiff $90,956.30 ($87,954.88 in principal, $2,455.51 in interest, and $545.91 in late fees) and per diem interest of $14.45833 per day from January 12, 2012, through the entry of judgment. However, because no documentary evidence or detailed affidavit has been submitted regarding the attorneys' fees and costs being sought, the Plaintiff's request for attorneys' fees is **DENIED WITHOUT PREJUDICE** to the Plaintiff submitting the appropriate materials to the Court.

## BACKGROUND

RBS and M. & M. entered into a Commercial Line Note and Business Loan and

Security Agreement (the "Agreement") in September 2006 [DE 1 at ¶ 7; DE 6-1 at ¶ 4]. The Agreement gave M. & M. access to a line of credit in the maximum principal amount of $100,000.00 at a variable interest rate [DE 1 at ¶ 7; DE 1-2 at 2; DE 6-1 at ¶ 4]. Under the Agreement, the principal balance and accumulated interest was payable to RBS on demand [DE 1 at ¶ 8]. The Agreement also required M. & M. to make minimum monthly payments [*Id.*]. To provide security for the Agreement, Miller, the owner of M. & M., signed an unlimited personal guaranty, guaranteeing to RBS full and punctual payment of the outstanding amount of the line of credit [*Id.* at ¶ 9; DE 1-3; DE 6-1 at ¶ 5].

M. & M. failed to make its monthly payments, which constituted an event of default under the Agreement [DE 1 at ¶ 10; DE 6-1 at ¶¶ 6-7]. In October 2011, RBS sent M. & M. a notice of default and demand for payment in full of all amounts due under the Agreement [DE 1 at ¶ 11; DE 1-4].

On November 8, 2011, RBS brought this action, alleging breach of contract and breach of guaranty, and seeking damages in the amount of $89,513.37 [DE 1 at ¶ 12]. The amount broke down as $87,954.88 in principal; $1,139.80 in accrued interest; $216.27 in late charges; with interest accruing at the rate of $14.45833 per day subsequent to October 25, 2011, plus default interest and attorneys' fees and expenses [DE 1 at ¶ 12].

RBS served the Summons and Complaint on M. & M. on November 21, 2011 [DE 5]. M. & M. has not filed a response to the Complaint, and RBS filed its Verified Motion for Clerk to Enter Default Judgment on January 12, 2012 [DE 6]. RBS filed this Motion seeking an entry of default against M. & M. Pursuant to Fed. R. Civ. P. 55(a), as well as entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(1) [*Id.*]. The Court construed the motion as an

application to the Court for default judgment under Rule 55(b)(2), directed the Clerk to enter default, and took the Motion under advisement [DE 7]. The Clerk entered default on January 26, 2012 [DE 9].

M. & M. has not responded to the motion. RBS now seeks $90,956.30 in damages, plus per diem interest of $14.45833 per day from January 12, 2012, through the entry of judgment, as well as attorneys' fees of $2,736.90 and costs of $452.84. [DE 6-1 at ¶ 10, 14].

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Fed. R. Civ. P. 55. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Because the clerk has already entered default against M. & M., I may now enter a default judgment under Rule 55(b)(2).

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A Wright *et al.*, Fed. Prac. & Proc. Civ. 3d § 2685 (3d ed. 2007); *see Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In this case, the grounds for default are clearly established. This case has been pending since November 8, 2011, yet M.& M. has shown no intention to respond to the Complaint in the

3

several months since it was served.  The default is thus not a simple technicality.  And no material issues of fact have been presented due to M. & M.'s failure to participate in the lawsuit.  Furthermore, RBS has been prejudiced by the delay involved by not being able to collect on monies owed.

A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff for each cause of action in the complaint.  *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993).  When a court determines that a defendant is in default, all well-pleaded allegations of the complaint will be taken as true.  *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).  Here, this means that I must take as true RBS' assertions that M. & M. failed to pay the monthly required payments, thereby breaching the Agreement and the guaranty.

Yet while the factual allegations relating to liability are taken as true, the amount of damages must be proved.  *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  I am required to ascertain the "the amount of damages with reasonable certainty."  *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (internal citation omitted).  This often means that the court must hold a hearing or conduct an investigation to determine the amount of damages.  But no such inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *Dundee Cement*, 722 F.2d at 1323; see also *Pope v. United States*, 323 U.S. 1, 12 (1994).  Moreover, an evidentiary hearing is often unnecessary where a party seeks statutory damages.  *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 WL 1775512, at *3 (N.D. Ill. April 17, 2008) (citing *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002)).  There is no need for such a hearing here.

RBS's submission of the Agreement and the affidavit of Mr. Loeb has demonstrated to me the requisite proof as to the amount of damages that have occurred from M. & M's breach and subsequent default on the Agreement. Mr. Loeb's affidavit states that M. & M. received a maximum line of credit of $100,000.00 on September 18, 2006, that M. & M. failed to make payments when due, and that notice of default, complete with the outstanding amounts due, was sent out to both M. & M. and Mark Miller in October 2011 [DE 6-1 at ¶¶ 4, 6-7, 9]. Mr. Loeb's affidavit also explains that under the Agreement, failure to make payments is an event of default that triggers RBS' right to accelerate the loan and to demand immediate payment in full of all amounts due [*Id.* at ¶ 8]. Both M. & M. and Miller have failed to contact or pay RBS any monies owed after the demand was made [*Id.* at ¶ 9]. Lastly, Mr. Loeb clearly states the amount of money currently owed by M. & M. to RBS because of the breach and default, which directly corresponds to the amount of damages sought by RBS: the principal amount of $87,954.88, accrued interest of $2,455.51, and $545.91 in late charges [DE 6-1 at ¶10]. I find that these damages have been proved to a reasonable certainty, so I will grant RBS' Motion for Default Judgment as to these damages [DE 6].

However, RBS also seeks attorneys' fees of $2,736.90 and costs of $452.84 [DE 6-1 at ¶ 14]. "The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 550 (7th Cir. 1999). Although Mr. Loeb attests in his affidavit that these fees are reasonable, based on his experience with other law firms in the Midwest that handle collection litigation expenses, this is not sufficient information from which I can conclude "with reasonable certainty" that these were the expenses accrued and that they were reasonable. *Catt*, 368 F.3d at 793. I have not been provided with information about either the hours worked or the hourly rates

claimed. Although the Agreement provides that M. & M. will pay collection expenses, including attorneys' fees and costs, upon default [DE 1 at ¶ 28, 31, DE 1-2 at 7], I am unable to grant judgment for these amounts at this time because no documentary evidence or detailed affidavit – such as billing or time records, detailed invoices, or an explanatory affidavit – have been submitted to establish that the fees and costs sought have been reasonably incurred. I will, however, grant leave to RBS to file the appropriate supporting materials to prove that it reasonably incurred $2,736.90 in attorneys' fees and $452.84 in costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Verified Motion for Clerk to Enter Default Judgment, construed as an application to the Court for default judgment under Rule 55(b)(2), is **GRANTED** in part and **DENIED** in part. Defendants, M. & M. Brokerage, LLC and Mark Miller, are ordered to pay RBS Citizens, N.A. d/b/a Charter One damages in the amount of $90,956.30 ($87,954.88 in principal, $2,455.51 in interest, and $545.91 in late fees) and per diem interest of $14.45833 per day from January 12, 2012, through the entry of judgment. The Court hereby directs Plaintiff to submit documentary evidence or a detailed affidavit supporting its request for attorneys' fees and costs by March 22, 2012.

**SO ORDERED**.
ENTERED: March 9, 2012

 s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT