IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RBS CITIZENS, N.A. d/b/a CHARTER ONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:11-cv-59 |
| | ) | |
| M. & M. BROKERAGE, LLC AND MARK MILLER, | ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION & ORDER

This matter is before the Court on Plaintiff RBS Citizen's Motion for Default Judgment [DE 6] and affidavit supporting the Plaintiff's request for attorneys' fees [DE 14]. On March 9, 2012, I granted the Plaintiff's Motion for Default Judgment in part, awarding the Plaintiff $90,956.30 in damages, plus interest, but because no documentary evidence or detailed affidavit was submitted regarding attorneys' fees and costs, I denied the request for those fees and costs without prejudice to the Plaintiff submitting the appropriate materials [DE 10]. After obtaining an extension of time in which to submit its documentary evidence, the Plaintiff failed to provide the appropriate materials, and I issued an Order to Show Cause, ordering the plaintiff to provide the appropriate documentary evidence or risk dismissal of the request for attorney fees and costs [DE 13]. Pursuant to that Order, the Plaintiffs have now submitted the affidavit of attorney Sara Jorgensen [DE 14].

The Plaintiff initially sought $2,736.90 in attorneys' fees and $452.84 in costs [DE 6-1 at ¶ 14], but Jorgenen's affidavit states that the Plaintiff is now seeking $3,835.32, or $663.27 in costs and $3,172.05 in reasonable attorneys' fees [DE 14 at ¶ 13].

As noted in the Order granting the Plaintiff's Motion for Default Judgment [DE 10], a party seeking a fee award "bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). Hours are not reasonably expended "if they are excessive, redundant, or otherwise unnecessary." *Stark v. PPM Am, Inc.*, 354 F.3d 666, 674 (7th Cir. 2004).

Ms. Jorgensen's affidavit [DE 14] has provided me with sufficient information to conclude "with reasonable certainty" that the attorneys' fees were reasonable. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The affidavit states that the Plaintiffs have incurred $3,172.05 in attorneys' fees and provides itemized billing statements outlining the time spent on various tasks in prosecuting this claim, as well as the amount charged for each task [DE 14]. I find that these amounts are appropriately recoverable.

However, the affidavit does not include a sufficiently itemized statement of costs. Costs recoverable as reasonable attorney fees include "postage, long distance calls, xeroxing. . . ." *Clark v. Oakhill Condo Ass'n, Inc.*, 2011 U.S. Dist. Lexis 35228, at *7 (N.D. Ind. March 31, 2011) (quoting *Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir. 1984). While the affidavit includes an appropriate breakdown of postal charges in the amount of $33.84, it includes a line item for an invoice from local counsel for $663.27 [DE 14 at 8]. These attorneys' fees cannot be lumped in as "costs" simply because they were a cost incurred by the lawyers who are actually filing the petition for fees. Rather, they are more appropriately classified as attorney's fees, which, like the fees incurred by Simon PLC, must be examined by the court to determine the reasonableness of the hours worked and the hourly rates claimed. Because I have not been provided with the appropriate documentation, I cannot determine if these fees are reasonable. As such, I cannot properly award these attorneys' fees to the Plaintiff.

**CONCLUSION**

For the foregoing reasons, I now **GRANT IN PART** the Plaintiffs' request for attorney's fees and costs [DE 6].  The Clerk is now **ORDERED** to enter a judgment of default consistent with the Court's March 9, 2012 opinion granting the Motion for Default Judgment in the amount of $3,205.89 ($3,172.05 in reasonable attorneys' fees and $33.84 in costs).

**SO ORDERED.**

ENTERED: September 21, 2012.

                                                s/ Philip P. Simon
                                                Philip P. Simon, Judge
                                                United States District Court