UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RBS CITIZENS, N.A. d/b/a CHARTER ONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 4:11-CV-0059 |
| ) | |
| M. & M. BROKERAGE, LLC and MARK ) | |
| MILLER, ) | |
| ) | |
| Defendants. ) | |

## **OPINION & ORDER**

This matter is before me on Plaintiff RBS Citizens N.A. d/b/a Charter One's Verified Motion to Modify Judgment [DE 17]. RBS brought this action on November 8, 2011 against Defendants M. & M. Brokerage, Inc. and Mark Miller to recover the balance owed on a loan that the Defendants had failed to pay back [DE 1]. RBS filed a Motion for Clerk's Entry of Default and a Motion for Default Judgment on January 12, 2012 [DE 6]. The Clerk entered default on January 26, 2012 [DE 9], and on March 9, 2012, I ordered Defendants, M. & M. Brokerage and Mark Miller to pay damages to RBS in the amount of $90,956.30 ($87,954.88 in principal, $2,455.51 in interest, and $545.91 in late fees) [DE 10]. However, I also ordered RBS to submit additional evidence supporting its request for attorney fees of $2,736.90 [DE 10 at 6]. Two months later, after the Court entered an Order to Show Cause for failure to file the materials [DE 13], RBS submitted an affidavit and billing records supporting its request for attorney fees [DE 14]. The Court granted the request in part [DE 15] and final judgment was entered on September 21, 2012 [DE 16].

The Plaintiff's Verified Motion for Clerk to Enter Default Judgment [DE 6] sought a default judgment against both Defendants. However, on July 9, 2012, Defendant Mark Miller

was discharged in bankruptcy in a separate proceeding the U.S. Bankruptcy Court for the Northern District of Indiana, Case Number 12-40172 [DE 17 at ¶ 9]. RBS now seeks modification of the default judgment to include only M. & M. Brokerage, LLC due to the bankruptcy of Mark Miller [DE 17].

Although RBS cites no rule permitting me to modify the judgment as they so request, my analysis begins with Federal Rule of Civil Procedure 59(e), which governs motions to alter or amend a judgment. However, the rule provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As judgment was entered in this case on September 21, 2012, and RBS failed to file a motion to amend the judgment until February 2013, it is well outside the window of time prescribed by Rule 59(e). Moreover, pursuant to Federal Rule of Civil Procedure 6(b)(2), a court must not extend the time to act under Rule 59(e). *Winston Network, Inc. v. Indiana Harbor Belt R. Co.*, 944 F.2d 1351, 1362 (7th Cir. 1991). Fortunately for RBS, however, the analysis does not end there.

RBS' motion could also be construed under Federal Rule of Civil Procedure 60(b), which governs relief from a judgment or order. Rule 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons... (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b). Subdivision (c) further states that a motion under Rule 60(b) must be made within a reasonable time and that "[t]he motion does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c).

To determine whether a motion challenging a judgment should be considered under Rule 59(e) or Rule 60, the court looks to whether the motion was filed within the time prescribed for a Rule 59(e) motion – if it wasn't, the motion falls under Rule 60. *U.S. v. Deutsch*, 981 F.2d 299, 300 (1992). Here, it appears that Miller's bankruptcy discharged his obligation to RBS, so the requirements of Rule 60(b) have been met. Although the amount of time that elapsed from the entry of the default judgment to the filing of the motion to modify judgment exceeds that allowed by Rule 59(e), I find that it is of short enough duration to be considered a reasonable time under Rule 60. As such, I will grant RBS's Motion to Modify Judgment to include only M. & M. Brokerage, LLC.

## CONCLUSION

For the foregoing reasons, Plaintiff's Verified Motion to Modify Judgment is **GRANTED**. The clerk shall modify the default judgment in favor of Plaintiff RBS Citizens, N.A. d/b/a Charter One to remove Defendant Mark Miller and to include only M. & M. Brokerage, LLC.

**SO ORDERED**.

**ENTERED**: August 12, 2013

    s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT